**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHANSE CAMPBELL,

Petitioner

v.

STATE OF NEVADA,

Respondent

Case No.: 2:23-cv-00410-APG-DJA

**ORDER**

Chanse Campbell has filed a pro se 28 U.S.C. § 2241 habeas corpus petition. ECF No. 1. Campbell's claims are unexhausted and federal abstention is appropriate. So I dismiss the petition without prejudice.

**Background**[1]

In 2019, a Clark County, Nevada grand jury indicted Campbell on numerous charges of child abuse, neglect, or endangerment. He is in custody at Clark County Detention Center. His case, *State of Nevada v. Chanse Campbell*, remains pending before the state district court; the scheduled trial date of April 24, 2023 was recently vacated.

In his petition for federal habeas relief, Campbell claims, among other things, that his appointed trial counsel is ineffective for failing to investigate and file motions, and that prosecutors have committed misconduct, including withholding exculpatory evidence.

[1] The procedural history in this section is derived from Campbell's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County, Nevada. I take judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us.

Because a federal habeas petitioner incarcerated by a state must give that state's courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). Here, Campbell states that he submitted a pro se state pretrial habeas corpus petition but it was stricken or rejected because he is or was represented by counsel.[2] So his bare assertion that he has exhausted his claims is belied by the record.

[2] While not entirely clear, it appears that Campbell moved to dismiss his first two appointed attorneys, which the state district court granted. While represented by a third appointed attorney, Campbell tried unsuccessfully to file a pro se state pretrial habeas petition. He then moved to dismiss his third attorney. The state district court told him it would not keep appointing new counsel, so Campbell elected to represent himself. *See* ECF No. 3 at 7-11, 16-21.

But even if I assume Campbell has exhausted his remedies, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf. e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980). The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The Supreme Court of the United States has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Injuries are only irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case. *Younger*, 401 U.S. at 46.

This case does not present extraordinary circumstances. Campbell challenges his attorney's investigation of his case and argues that he is the victim of judicial bias and misconduct by the prosecution, including intimidating his co-defendant into making misleading statements. Defendants in state criminal proceedings routinely allege that criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Campbell's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution. In addition, pretrial motion practice or defenses at trial may possibly ameliorate any threat to his federally protected rights. Campbell thus faces no extraordinary or irreparable injuries, so federal abstention is

required. Because the charges against Campbell are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice. Thus, this petition is dismissed without prejudice. Reasonable jurists would not find this determination to be debatable or wrong, so I decline to issue a certificate of appealability.

**Conclusion**

I THEREFORE ORDER that the petition for writ of habeas corpus **[ECF No. 1] is DISMISSED without prejudice**.

I FURTHER ORDER that a certificate of appealability is denied.

I FURTHER ORDER that the Clerk of the Court:

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office for the petition [ECF No. 1] and this order. No response is required from the respondents other than to respond to any orders of a reviewing court.
- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

U.S. District Judge Andrew P. Gordon
April 18, 2023